UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| ROBERT V. PENTLAND, | : | |
|     Petitioner, | : | CASE NO. 3:18-cv-561 (MPS) |
| | : | |
| v. | : | |
| | : | |
| MULLIGAN, et al., | : | |
|     Respondents. | : | NOVEMBER 5, 2018 |
| | : | |

**RULING ON RESPONDENTS' MOTION TO DISMISS**

Petitioner Robert V. Pentland challenges his 2011 state conviction for witness tampering in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. He asserts two claims: ineffective assistance of counsel and prosecutorial misconduct. The respondents move to dismiss the petition on three grounds: (1) the petitioner is not in custody on the sentence he challenges, (2) the petition was untimely filed, and (3) the petitioner has not exhausted his state court remedies. For the reasons that follow, the respondents' motion is granted and the petition is dismissed.

I.    <u>Background</u>

The petitioner was arrested in December 2010 on charges of witness tampering. *Pentland v. Commissioner of Correction*, 176 Conn. App. 779, 782, 169 A.3d 851, 853, *cert. denied*, 327 Conn. 978, 174 A.3d 800 (2017). The charges were tried to the court. The petitioner was found guilty on two counts of witness tampering and was sentenced to a total term of imprisonment of one year. The petitioner served his sentence from December 20, 2010, until

December 19, 2011.  *Id.* at 783, 169 A.3d at 854.

During this time, however, the petitioner also was being held in lieu of bond on several other charges relating to sexual assault of a minor from 1998 to 2009.  After the sentence on the witness tampering charges ended, the petitioner continued to be held in lieu of bond on the sexual assault charges.  *Id.*, 169 A.3d at 854.

In 2012, the petitioner entered a guilty plea on the sexual assault charges and was sentenced to a total effective term of imprisonment of eighteen and one-half year followed by twenty-five years of probation.  *Id.*, 169 A.3d at 854.

On May 22, 2015, the petitioner filed a state habeas action challenging the 2011 conviction for witness tampering, *Pentland v. Warden, State Prison*, No. CV15-4007248-S.  The petitioner argued that he had been denied effective assistance of counsel.  Resp'ts' Mem. App. A, ECF No. 14-3 at 31-55.  On March 29, 2016, the state court dismissed the petition on the ground that the petitioner was not in custody on the witness tampering conviction at the time he filed the petition.  *Id.*, ECF No. 14-3 at 56.  On September 26, 2017, the Connecticut Appellate Court affirmed the dismissal, *Pentland*, 176 Conn. App. at 788, 169 A.3d at 856, and the Connecticut Supreme Court denied certification to appeal.  *Pentland v. Commissioner of Correction*, 327 Conn. 978, 174 A.3d 800 (2017).

II.     Discussion

In opposition to the motion to dismiss, the petitioner addresses two of the grounds in the motion to dismiss, the in custody requirement and exhaustion of state court remedies, and then proceeds to discuss the merits of the petition.  He does not address the respondents' argument that the petition was untimely filed.

A.     "In Custody" Requirement

"The federal habeas statute gives the United States district court jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The petitioner bears the burden of demonstrating the court's jurisdiction. *See Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (noting that jurisdictional requirements must be affirmatively stated in the record). This jurisdictional requirement has been interpreted to require that the petitioner be "in custody" under the conviction or sentence he is challenging at the time he filed the petition, *Maleng,* 490 U.S. at 490-91, or under a consecutive sentence imposed at the same time as the conviction or sentence being challenged. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). Once the sentence for a particular conviction has fully expired, a habeas petitioner is no longer in custody on that conviction. *Maleng*, 490 U.S. at 492.

The Supreme Court permits a challenge to an expired sentence where the expired sentence is one of a series of consecutive sentences. *Garlotte*, 515 U.S. at 45-47. In the case of consecutive sentences, habeas relief on any one of the sentences will reduce the total incarceration time for the petitioner. *Id.* at 47. In this case, the petitioner's two sentences are not consecutive. His sentence on the witness tampering charges ended in December 2011. He was not sentenced on the sexual assault charges until 2012. The petitioner argues, however, that because he remained in custody in lieu of bond from the end of his sentence for witness tampering until he was sentenced on the sexual assault charges, he had a continuous period of custody and, therefore, that the holding in *Garlotte* applies. The Supreme Court has not

3

extended the holding of *Garlotte* beyond consecutive sentences and there are no reported cases from courts within the Second Circuit doing so.

Connecticut statutes provide that if the petitioner's 2011 sentence were reversed on appeal and if during the period of that sentence he had also been held in lieu of bond on other charges, then the time served on the 2011 sentence would be credited toward any new sentence as presentence custody time. *See* Conn. Gen. Stat. § 18-98d(a)(1)(B) ("if a person is serving a term of imprisonment at the same time such person is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement…."). Thus, any order vacating the 2011 sentenced would shorten the petitioner's confinement on his current sentence.

However, the fact that an expired sentence has been used to enhance a current sentence is insufficient to render the petitioner "in custody" on the expired sentence. *See Garlotte,* 515 U.S. at 45 ("We held [in *Maleng*] that the potential use of a conviction to enhance a sentence for subsequent offenses did not suffice to render a person 'in custody' within the meaning of the habeas statute") (citing *Maleng,* 490 U.S. at 492). The proper procedure to assert this challenge is to challenge the current sentence as illegally enhanced by the unlawful prior conviction. *See Garlotte,* 515 U.S. at 45 n. 4; *Curtis v. United States,* 511 U.S. 485, 512 & n. 7 (1994); *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999). The respondents' motion to dismiss is granted on the ground that the Court lacks jurisdiction to entertain the petition because the petitioner is not in custody on the 2011 conviction.

The Court will not construe this petition as seeking relief from the petitioner's 2012 sentence as the petitioner has two pending state habeas petitions directed to the 2012 sentence. *See* Resp'ts' Mem. App. J & K, ECF Nos. 14-12 & 14-13; civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV164008403S; civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV174008701S. If the Court were to construe this petition as addressing the 2012 conviction, the petitioner may not be able to challenge that conviction on the grounds asserted in the state habeas petitions once he completes the exhaustion process in state court. *See* 28 U.S.C. § 2244(b)(3)(A) (petitioner cannot file second or successive petition without first obtaining authorization from the court of appeals).

      B.      <u>Statute of Limitations</u>

Even if Court had concluded that the petitioner was "in custody" on the 2011 conviction, he could not obtain habeas relief with respect to that conviction because the petition is untimely. Congress has imposed a one year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1). The one year limitations period commences when the petitioner's conviction becomes final. That date is defined as the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed, *id.*, and may be tolled for the period during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001).

The petitioner was sentenced on December 9, 2011. He did not file a direct appeal of his

conviction within the twenty days allotted to do so under state law. *See* Conn. Practice Book, § 63-1. Thus, the limitations period commenced on December 30, 2011, and ended on December 30, 2012. The petitioner did not file a state habeas petition challenging the 2011 conviction until May 22, 2015, over two years after the limitations period expired. Thus, the filing of the state habeas petition does not toll the limitations period. *See Guman v. Payant*, No. 06-CV-6315(BMC), 2006 WL 3535782, at *2 (E.D.N.Y. Dec. 7, 2006) (motions filed after limitations period expired do not toll limitations period).

To equitably toll the limitations period, the petitioner must show that extraordinary circumstances prevented him from filing his petition on time and that he acted with reasonable diligence during the entire period he seeks to have tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner does not raise any equitable tolling argument in his opposition papers. Thus, he has identified no extraordinary circumstances warranting equitable tolling, the petition is time-barred.

II. <u>Conclusion</u>

The respondents' Motion to Dismiss [**ECF No. 14**] is **GRANTED**. The Court concludes that an appeal of this order would not be taken in good faith. Thus, a certificate of appealability will not issue. The petitioner's motion [**ECF No. 20**] is **DENIED** as moot.

The Clerk is directed to enter judgment in favor of the respondents and close this case.

**SO ORDERED** this 5th day of November 2018, at Hartford, Connecticut.

                                                /s/
                                          Michael P. Shea
                                          United States District Judge