# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT V. PENTLAND, | : | |
| Petitioner, | : | CASE NO. 3:18-cv-561 (MPS) |
| | : | |
| v. | : | |
| | : | |
| MULLIGAN, et al., | : | |
| Respondent. | : | MARCH 23, 2020 |

**RULING ON PETITIONER'S MOTIONS FOR RECONSIDERATION AND TO AMEND**

Petitioner Robert V. Pentland filed a habeas corpus action to challenge his 2011 state conviction for witness tampering. On November 5, 2018, the Court granted the respondents' motion to dismiss for two reasons. The Court determined that the petitioner was not in custody on the witness tampering charge at the time he filed this petition and that the petition was untimely filed. ECF No. 21. On August 23, 2019, the Second Circuit dismissed the appeal. ECF No. 28. On January 17, 2020, the Court denied the petitioner's motion to amend. ECF No. 34. The Court noted that it did not grant the petitioner leave to amend in the order granting the respondents' motion to dismiss and his appeal was dismissed; thus, the petitioner had no right to amend his petition. The Court further noted that, even if it were to consider such a motion, the petitioner did not submit a proposed amended petition to enable the Court to assess his purported challenge to the state habeas proceeding.

The petitioner seeks reconsideration of the decision denying his motion to amend. He states that he was unaware that he had to file a motion seeking leave to do so. The petitioner has misunderstood the Court's order. The request to amend the petition was not denied because the

petitioner failed to file a motion seeking leave to do so. The Court granted the respondents' motion to dismiss because the petitioner was not "in custody" on the witness tampering conviction at the time he filed the federal petition, as that term is defined by the United States Supreme Court, and because the federal petition was untimely filed. Amendment cannot cure these defects. Judgment entered and the case was closed. As the petitioner has misunderstood the prior ruling, his request for reconsideration is denied.

The petitioner has filed another motion to amend, this time accompanied by a proposed amended petition. In the amended petition, the petitioner focuses solely on the manner in which the state court denied his habeas petition. ECF No. 36-1 at 2. He argues that the state habeas court violated his constitutional right to due process because the court dismissed his petition for lack of jurisdiction without holding a hearing or permitting him to be heard on the issue of whether he was in custody on the witness tampering charge. For relief, the petitioner asks this Court to remand the case to the habeas court for a hearing on the custody issue.

Section 2254 relief may be granted only where a state holds a person in custody in violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Neither the Constitution nor federal law requires a state court to provide post-conviction proceedings. *Lackawanna Cnty. Dist. Att'y v. Coss,* 532 U.S. 394, 402 (2001) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). In his amended petition, the petitioner does not challenge his conviction. Instead, he challenges the state habeas proceeding. The Second Circuit has held that "alleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief." *Word v. Lord*, 648 F.3d 129, 131-32 (2d Cir. 2011) (agreeing with majority of

circuits); *see Lawrence v. Branker,* 517 F.3d 700, 716–17 (4th Cir.) (holding that petitioner's due process claims regarding state post-conviction proceeding are not cognizable under § 2254), *cert. denied*, 555 U.S. 868 (2008). District Courts within the Second Circuit have applied this holding in cases where the state court failed to hold a hearing on a post-conviction motion. *See Carpenter v. Unger*, No. 9:10-CV-1240(GTS/TWD), 2014 WL 4105398, at *34 (N.D.N.Y. Aug. 20, 2014) (citing cases applying *Word* to cases where state court denied hearing). As the petitioner now is challenging the adequacy of a state post-conviction proceeding rather than his conviction, his challenge is not properly asserted in a § 2254 action. Accordingly, the petitioner's motion to amend is denied.

The petitioner's motions for reconsideration [**ECF No. 35**] and to amend [**ECF No. 36**] are **DENIED**. An appeal of this order would not be taken in good faith.

**SO ORDERED** this 23rd day of March 2020, at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge